UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHOPAEDIC SPINE SPECIALISTS OF NJ, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Orthopaedic Spine Specialists of NJ ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against Cigna Health and Life Insurance Company ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 1131 Broad St., Suite 201, Shrewsbury, New Jersey 07702.

2. Upon information and belief, Defendant Cigna is engaged in providing and/or administering health care plans or policies in the state of New Jersey, and administers the Plan that is the subject matter of this lawsuit.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

**FACTUAL BACKGROUND**

5. Plaintiff is a medical practitioner specializing in orthopedic surgery.

6. On June 14, 2022, Plaintiff performed a complex spinal surgical treatment on a 61-year-old female identified as V.M. ("Patient") at Monmouth Medical Center, a hospital located in Long Branch, New Jersey.

7. At the time of her treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payments for certain procedures billed under their Current Procedural Terminology ("CPT") codes.

9. Defendant failed to make the full payment under two (2) of the CPT codes, and these codes were subsequently arbitrated by an independent dispute resolution ("IDR") entity, to which Plaintiff received awards.

10. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

11. However, since the services were rendered at an in-network facility, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

12. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

13. Plaintiff issued a Health Care Financing Administration ("HCFA") medical bill to Defendant, seeking payments from Defendant for the medical services rendered.

14. Plaintiff billed Defendant $19,072.00 for CPT code 22634.

15. In response to Plaintiff's bill for CPT code 22634, Defendant denied payment.

16. Plaintiff disputed Defendant's non-payment and initiated the negotiation period called for by the Act.

17. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute DISP-287967).

18. On October 10, 2023, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $10,000.00. (*See*, **Exhibit A**, attached hereto.)

19. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

20. In this case, the additional payment was due on November 9, 2023. However, Defendant failed to issue the additional payment amount awarded in arbitration.

21. As of the date of this Complaint, over 300 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

22. For DISP-287967, Defendant has failed to pay $10,000.00, which is currently due and owing.

23. For the same date of service, Plaintiff also billed for CPT code 22853 in the amount of $32,392.00.

24. In response to Plaintiff's bill for CPT code 22853, Defendant issued a payment of $300.71.

25. Plaintiff disputed Defendant's underpayment for CPT code 22853 and initiated the negotiation period called for by the Act.

26. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act (Arbitration Dispute DISP-288021).

27. On May 28, 2024, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff a total of $32,392.00, amounting to an additional amount of $32,061.29. (*See*, **Exhibit B**, attached hereto.)

28. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

29. In this case, the additional payment was due on June 27, 2024. However, Defendant failed to issue the additional payment amount awarded in arbitration.

30. As of the date of this Complaint, over 100 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

31. For DISP-288021, Plaintiff has failed to pay an additional $32,061.29, which is currently due and owing.

32. As a result, Plaintiff has been damaged in the amount of $42,061.29 in regard to this procedure and continues to suffer damages in the operation of his medical practice.

### COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9 FOR CPT 22634

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

35. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

36. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an IDR entity award under 9 U.S.C. § 9 because the language of the NSA indicates the IDR award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

37. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

38. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on October 10, 2023.

## COUNT TWO

### VIOLATION OF THE FEDERAL NO SURPRISES ACT FOR CPT 22634

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Under the federal No Surprises Act, a party is permitted to initiate the federal IDR process after a mandatory thirty-day negotiation period if the parties are unable to agree on the out-of-network rate for medical services.

41. In the instant case, in regard to Patient, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute DISP-287967.

42. On October 10, 2023, C2C Innovative Solutions, Inc. issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $10,000.00 for the medical services rendered.

43. According to the No Surprises Act, Defendant had until November 9, 2023 to remit the arbitration payment to Plaintiff.

44. As of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payment to Plaintiff.

45. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

## COUNT THREE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9 FOR CPT 22853**

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 of the Complaint as though fully set forth herein.

47. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

48. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

49. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an IDR entity award under 9 U.S.C. § 9 because the language of the NSA indicates the IDR award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

50. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

51. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award issued on October 10, 2023.

## COUNT FOUR

**VIOLATION OF THE FEDERAL NO SURPRISES ACT FOR CPT 22853**

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

53. Under the federal No Surprises Act, a party is permitted to initiate the federal IDR process after a mandatory thirty-day negotiation period if the parties are unable to agree on the out-of-network rate for medical services.

54. In the instant case, in regard to Patient, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act under Arbitration Dispute DISP-288021.

55. On May 28, 2024, Medical Evaluators of Texas issued an arbitration award in Plaintiff's favor, awarding Plaintiff a total of $32,392.00 for the medical services rendered, which amounts to an additional $32,061.29 due and owing.

56. According to the No Surprises Act, Defendant had until November 9, 2023 to remit the arbitration payment to Plaintiff.

57. As of the date of the filing of this Complaint, Defendant has failed to remit the additional arbitration payment to Plaintiff.

58. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award dated October 10, 2023 for DISP-287967.

B. For an Order confirming the arbitration award dated May 28, 2024 for DISP-288021.

C. For an Order directing Defendant to pay Plaintiff $42,061.29.

D. For attorney's fees, interest, and costs of suit; and

E. For such other and further relief as the Court may deem just and equitable.

Dated: Oakland, New Jersey
       October 10, 2024

                                          GOTTLIEB AND GREENSPAN, LLC
                                          *Attorneys for Plaintiff*

                            By:    /s/ Joseph G. Devine, Jr.
                                    Joseph G. Devine, Jr.
                                    169 Ramapo Valley Road, Suite ML3
                                    Oakland, New Jersey 07436
                                    (201) 644-0894